IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| PAUL LEWIS | § | |
| VS. | § | CIVIL ACTION NO. 9:14cv32 |
| PINNERGY LTD. | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Paul Lewis, proceeding *pro se*, brings this lawsuit against Pinnergy LTD ("Pinnergy").[1] Liberally construed, plaintiff's complaint is construed as an employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964 (Title VII"), 42 U.S.C. § 2000e et seq.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

On July 10, 2013, plaintiff claims he was pre-hired as a CDL-A Tanker Truck Driver for Pinnergy located at 610 Interstate 45 in Madisonville, Texas.[2] Plaintiff asserts Pinnergy is a company registered under Capital Corporate Services, Inc. located at 800 Brazos, Suite 400, Austin,

---

[1] It is noted that plaintiff also lists The Parker Law Firm, PC ("Parker") as a defendant on page three of the complaint. It appears, however, that plaintiff listed the law firm merely as the attorney for Pinnergy, LTD as he has not stated any factual allegations involving Parker.

[2] See Memorandum in Support of Complaint, Docket Entry No. 2, Page ID #15 and #51.

1

Texas. Plaintiff complains he suffered an injury while performing pre-employment testing required by Pinnergy. Plaintiff claims the testing was conducted on July 11, 2013 at the College Station Medical Center (Therapy Center) located in Bryan, Texas.

Analysis

Claims asserted under Title VII are governed by a special venue provision. 42 U.S.C. § 2000e–5; *In re Horseshoe Entm't,* 337 F.3d 429, 432–33 (5th Cir. 2003). It provides that venue is proper in (1) any judicial district in the State in which the unlawful employment practice is alleged to have been committed, (2) the judicial district in which the employment records relevant to such practice are maintained, and (3) the judicial district in which the plaintiff would have worked but for the alleged unlawful employment practice. *See* 42 U.S.C. § 2000e–5(f)(3). If none of those three are applicable, then venue lies in the judicial district in which the defendant has its principal office. *Id.*

Here, the alleged unlawful employment practice was committed in Bryan, Texas. The city of Bryan is located in Brazos County, Texas. Plaintiff would have worked for Pinnergy located in Madisonville, Texas but for the alleged unlawful employment practice. The city of Madisonville is located in Madison County, Texas. Accordingly, it appears the records relevant to this action are likely maintained in either Brazos County or Madison County. In accordance with 28 U.S.C. § 124, both Brazos County and Madison County are located in the Southern District of Texas. As both Brazos County and Madison County are located in the Southern District of Texas, venue in the Eastern District of Texas is not proper.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §

1406(a). This case should be transferred to the United States District Court for the Southern District of Texas, Houston Division. An appropriate order so providing will be entered by the undersigned.

SIGNED this 28th day of April, 2014.

_____
Zack Hawthorn
United States Magistrate Judge